Judge Hellerstein

07 CV 6888

MOSES & SINGER LLP
Attorneys for Plaintiff
Carat USA, Inc.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 554-7800
Robert D. Lillienstein (RL 4585)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

CARAT USA, INC.

      Plaintiff,

 -against-

BRAVO FOODS INTERNATIONAL CORP.

      Defendant.

------------------------------------------------

Case No. _____

**COMPLAINT**

  Plaintiff, Carat USA, Inc. (hereinafter referred to as "Carat" or "Plaintiff"), by its attorneys, Moses & Singer LLP, complaining of Defendant Bravo Foods International Corp. ("Bravo"), alleges as follows:

### THE PARTIES

  1. Carat USA, Inc. is a California corporation, which has its principal place of business at 3 Park Avenue, New York. New York.

  2. Upon information and belief, Bravo is a Delaware Corporation, which has its principal place of business at 11300 U.S. Highway 1, Suite 202, North Palm Beach, Florida 33408.

592183v1 006047.0112

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action and the parties pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff, Carat, is a citizen of the State of California and of the State of New York, and the defendant, Bravo, is a citizen of the State of Delaware and of the State of Florida, and the amount in controversy exceeds $75,000.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred within this Judicial District.

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

5.  Carat is a media buying company, which assists its clients in placing advertisements in various types of media, including television, radio, print and billboards.

6.  In or about September 2006, Carat and Bravo entered into an oral agreement pursuant to which Carat agreed to perform media buying, media placement and media billing on behalf of Bravo, which was conducting an advertising campaign for certain of its products.

7.  Pursuant to the parties' oral agreement, Bravo agreed to compensate Carat for its services by paying it the cost of the advertisements placed by Carat, plus a fee/commission equal to 5% the advertising fee for local broadcast advertisements, 2.5% for national broadcast advertisements, 3.5% for local print advertisements, 2.5% for national print advertisements, 5% for outdoor/in-store advertisements, and 7% for product placement, based on the gross billings for media time and space ordered for Bravo.

8.  Between November 2006 and February 2007, Carat performed media buying services for Bravo, at its request and with its approval, by placing advertisements in various media.

9.  The cost of the advertisements placed by Carat between November 2006 and March 2007, including the agreed fee/commission for the services provided by Carat for Bravo, is $683,938.03, of which Bravo has paid only the sum of $40,256.06, leaving a balance due to Carat from Bravo of $643,681.43.

10. Bravo has repeatedly confirmed that it owes Carat the amounts claimed, and has promised to pay the amounts due to Carat, but it has failed to do so.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

11. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 above as if fully set forth herein.

12. Carat has complied in all respects with its obligations under the parties' oral agreement.

13. Bravo has breached the parties' oral agreement by failing to pay for the services rendered by Carat.

14. As a result of Bravo's breach, Carat has sustained damages in the amount of $643,681.43, together with appropriate interest.

### SECOND CAUSE OF ACTION – QUANTUM MERUIT

15. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein.

16. The reasonable value of the services provided by Carat to Bravo is $683,938.03, of which, Bravo has paid Carat only $40,256.60.

17. The services that Carat provided were furnished with the knowledge, consent and authorization of Bravo, which was benefited thereby.

18. Bravo has failed to pay for the fair and reasonable value of the services performed by Carat for Bravo.

19. As a result of the foregoing, Carat has sustained damages in the amount of $643,681.43, together with appropriate interest.

### THIRD CAUSE OF ACTION – UNJUST ENRICHMENT

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 above as if fully set forth herein.

21. It would be unfair and unjust for Bravo to retain the benefit provided by Carat without paying for the services provided by Carat.

22. Defendants have been unjustly enriched by the sum of $643,681.43.

### FOURTH CAUSE OF ACTION – ACCOUNT STATED

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. Carat has sent invoices totaling $683,938.03 to Bravo for the services rendered by Carat, on or about the following dates, and in the following amounts:

(a)  January 18, 2007     $    9,972.00
(b)  February 1, 2007     $466,294.50
(c)  February 12, 2005    $    1,250.00
(d)  February 15, 2007,   $199,737.00
(e)  March 29, 2007       $    3,772.57
(f)  March 29, 2007       $    2,911.96

25. Bravo has retained these invoices without objection, for a reasonable time.

26. Bravo has paid Carat the sum of just $40,256.06 against these invoices, leaving a balance due to Carat from Bravo of $643,681.43.

27. As a result of the foregoing, an account has been stated between Carat and Bravo in the amount of $643,681.43, for which Plaintiff is entitled to judgment.

**WHEREFORE**, Carat demands judgment against Bravo as follows:

A. On All Causes of Action, a money judgment against Bravo in the amount of $643,681.43, together with appropriate interest;

B. On all Causes of Action, the costs and disbursements of this suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 31, 2007

MOSES & SINGER LLP

By: Robert Lillienstein, Esq. (RL 4585)
*Attorneys for Plaintiff*
Carat USA, Inc.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 554-7800

592183v1 006047.0112